

FILED

NOV 0 2 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| OLIVER EMANUEL PEARSON, ) | CV 10-108-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FLATHEAD COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Oliver Emanuel Pearson, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated when he was denied an examination by a mental health professional while he was a pretrial detainee in Flathead County. Pearson was examined by a nurse while detained in Flathead County, but was not evaluated by a doctor until he received his sentence and was committed to the custody of the Department of

Corrections. The doctor diagnosed Pearson with post-traumatic stress disorder. Pearson now claims that, having received treatment, he is able to recall the events resulting in his conviction and sentence and that his recollections show he did not commit the offense of conviction.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint for failure to state a claim upon which relief may be granted. Judge Lynch noted that Pearson alleges a delay of mental health treatment, not a total deprivation, and therefore Pearson must establish that the delay itself caused harm, which he has not done. Judge Lynch also explained that the Eighth Amendment does not provide redress for the injury of being convicted and imprisoned, citing Heck v. Humphrey, 513 U.S. 477, 487 n.7 (1994). Finally, Judge Lynch determined that Pearson fails to allege any facts to show that jail personnel should have realized the acuteness of his mental health needs, and therefore has not alleged facts sufficient to support a finding of

deliberate indifference.

Pearson timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Pearson's first objection is that the jail nurse's statement to him that he would have to wait until after his sentencing to be fully evaluated constitutes deliberate indifference. This objection fails because deliberate indifference requires that a jail official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Although Pearson clearly would have liked, and perhaps would have benefitted from, a full mental evaluation while he was jailed in Flathead County, he has not alleged deliberate indifference because he has alleged no facts showing the nurse was or should have been aware of a risk that Pearson would suffer serious harm from the delay in diagnosis.

Pearson next argues that the delay in medical care violated the Montana Constitution's guarantee that no person shall be deprived of life, liberty or property without due process of law. Pearson does not in this case allege any defect in the criminal proceeding resulting in his prison sentence, nor has he alleged any other deprivation to which the cited constitutional language might apply. Finally, Pearson cites Montana procedural statutes relating to civil commitment proceedings and issues of mental disease or defect in criminal cases.

The citations offer no support for allowing Pearson's claim to go forward. None of those provisions serves to vest a criminal offender awaiting trial with an independent right, upon request, to a full mental health evaluation conducted by jail personnel.

Having considered Pearson's objections, and upon de novo review, I agree with Judge Lynch's Findings and Recommendations (Doc. No. 7) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to state a claim.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 2nd day of November, 2010.

_____
Donald W. Molloy, District Judge
United States District Court

-4-